# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

MUSA IKHARO,
Petitioner,

vs.

ATTORNEY GENERAL OF
THE UNITED STATES,
Respondent.

Case No. 1:19-cv-175

Dlott, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, a former United States Immigration and Customs Enforcement (ICE) detainee, has filed a pro se petition and amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*See* Doc. 1, 8).[1] Respondent has filed a return of writ in opposition to the petition. (Doc. 11). Petitioner has filed a response and "Motion Against Immigration Court and 'BIA' Corrupt and Unlawful Practices." (Doc. 15).

For the reasons stated below, the undersigned recommends that petitioner's motion and the petition, as amended, be denied.

## I. BACKGROUND

As discussed further below, this is not the first habeas corpus petition filed by petitioner in this Court. In *Ikharo v. U.S. Attorney General*, Case No. 1:18-cv-385 (Black, J.; Bowman, M.J.) (S.D. Ohio, July 17, 2019) (Doc. 28), the Court provided the following background of facts:

> Petitioner is a native and citizen of Nigeria. (Doc. 17-2, Hinman Decl. at PageID 85). On or about November 3, 1995, petitioner became a lawful permanent resident of the United States, after an Immigration Judge granted him a suspension of deportation. On or about December 16, 1994, petitioner was convicted of gross

---

[1] The petition was originally filed in the Southern District of New York before being transferred to this Court. (*See* Doc. 2). A second petition filed by petitioner was also transferred to this Court from the Southern District of New York in Case No. 1:19-cv-270. The Court construed the second petition filed in Case No. 1:19-cv-270 as an amended petition in this action (*See* Doc. 8) and consolidated the two cases.

sexual imposition of a minor and disseminating harmful matter to a juvenile in violation Ohio Rev. Code §§ 2907.05 and 2907.31.

On October 18, 2002, a notice to appear was issued, charging petitioner as removable from the United States pursuant to Immigration and Nationality Act (INA) §§ 237(a)(2)(A)(ii) and (iii), based on his convictions of a crime involving moral turpitude and an aggravated felony. (*Id.* at PageID 86). Petitioner was ordered removed on July 18, 2007. In issuing its decision the Immigration Judge found him statutorily ineligible for a waiver of inadmissibility under INA § 212(c). (*Id.* at Ex. 4 at PageID 107–08). Petitioner appealed the decision of the Immigration Judge to the Board of Immigration Appeals (BIA). (*Id.* at PageID 86). On August 18, 2008 his appeal was denied. On August 2, 2010, his petition for review of the BIA's decision was denied by the Sixth Circuit Court of Appeals. Petitioner was removed to Nigeria on October 26, 2010.

On January 10, 2012, the United States Supreme Court vacated the Sixth Circuit's decision. (*Id.* at PageID 87). Petitioner's case was remanded to the Sixth Circuit for further consideration in light of the Supreme Court's holding in *Judulang v. Holder*, 565 U.S. 42 (2011), which determined that BIA's application of INA § 212(c) in the deportation context was arbitrary and capricious under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).[2] (*See* Hinman Decl., Ex. I at PageID 138). By Order issued February 16, 2012, the Sixth Circuit remanded the case to the BIA for reconsideration in light of *Judulang*. (*Id.* at PageID 87). On June 12, 2014, the BIA remanded the proceedings back to an Immigration Judge for consideration of a waiver of inadmissibility. Petitioner was returned to the United States on February 16, 2018 and was detained by ICE during the course of his removal proceedings.

On May 16, 2018, on remand, the Immigration Court held an individual hearing. The Immigration Judge again sustained the aggravated felony charge under INA § 237(a)(2)(A)(iii) and denied petitioner a waiver of inadmissibility.[3] (*See id.*, Ex. K at PageID 144). Petitioner was ordered removed to Nigeria pursuant to INA § 237(a)(2)(A)(iii).

---

[2] In *Judulang*, the Supreme Court summarized the BIA's method of applying § 212(c) as follows:

> The BIA's approach, known as the "comparable-grounds" rule, evaluates whether the charged deportation ground has a close analogue in the statute's list of exclusion grounds. If the deportation ground consists of a set of crimes "substantially equivalent" to the set making up an exclusion ground, the alien can seek § 212(c) relief. But if the deportation ground covers different or more or fewer offenses than any exclusion ground, the alien is ineligible for relief, even if the alien's particular offense falls within an exclusion ground.

*Judulang*, at *477.

[3] The charge that petitioner was removable for having committed a crime of moral turpitude was withdrawn. (*See* Doc. 17-2, Hinman Decl., Ex. K at PageID 144).

2

*Id.* at PageID 281–283. Petitioner subsequently appealed the Immigration Judge's decision to the BIA. On November 5, 2018, the BIA affirmed the Immigration Judge's decision. (Doc. 11-1, Edmister Decl. at PageID 95). Petitioner filed a motion to reopen with the BIA, which was denied on April 3, 2019. (*Id.* at PageID 96).

Petitioner has sought review of the decision in the Sixth Circuit Court of Appeals and currently has two cases pending in the Sixth Circuit challenging the denial of his waiver of inadmissibility and his motion to reopen, in which petitioner alleges his attorney provided him with ineffective assistance of counsel in his immigration proceedings. *See Ikharo v. Barr,* Case Nos. 18-4153, 19-3367 (6th Cir. 2019). The Sixth Circuit denied petitioner a stay of removal on March 22, 2019. (*Id.*). Petitioner was removed to Nigeria on or about April 23, 2019. (*Id.*).

## II. FEDERAL HABEAS CORPUS PETITIONS

In the instant petition, as amended, petitioner asks this Court to review and vacate the decisions of the Immigration Judge and BIA. According to petitioner, he was improperly returned to the United States as a parolee under 8 U.S.C. § 1182(d)(5)(A), treated as an "arriving alien," and detained during his remanded removal proceedings. Petitioner claims that by virtue of being paroled under § 1182, he was ineligible for relief under INA § 212(c), and the Immigration Judge and BIA exceeded their authority and rendered void judgments.[4] Petitioner also appears to raise ineffective assistance of counsel claims in the petition and "Motion Against Immigration Court and 'BIA' Corrupt and Unlawful Practices," which reiterates the claims raised in the petition. (*See* Doc. 15). Finally, petitioner seeks an Order from this Court releasing him from ICE custody. (*See* Doc. 8 at PageID 52).

---

[4] Specifically, petitioner argues that because a parolee under § 1182 is not deemed "admitted" into the United States, he was unable to satisfy INA § 212(c)'s requirement that he be lawfully present in the United States. On this basis, petitioner argues that "the immigration court and BIA were . . . prohibited from conducting removal proceedings against him and 212(c) hearing therein." (Doc. 8 at PageID 58).

3

As noted above, this is not petitioner's first habeas corpus petition filed in this Court. In Case No. 18-385 petitioner also challenged the decisions of the Immigration Judge and BIA, claimed that his counsel was ineffective in his immigration proceedings, and asked this Court to vacate his removal order. In a Report and Recommendation issued in that case, the Court determined that it is without jurisdiction over petitioner's claims raising the ineffective assistance of counsel in his immigration proceedings and challenging the decisions of the Immigration Judge and/or BIA. *See Ikharo v. U.S. Attorney General*, Case No. 1:18-cv-385 (Black, J.; Bowman, M.J.) (S.D. Ohio, July 17, 2019) (Doc. 28).

The undersigned agrees that this Court does not have jurisdiction over these claims. Petitioner states that "Case No. 1:19-cv-00175 is a judicial challenge to BIA removal order date November 5, 2018." (Doc. 14 at PageID 132). However, 8 U.S.C. § 1252(a)(5) provides that "a petition for review filed with the appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter."[5] *Tota-Maharaj v. Holder*, 416 F. App'x 558, 559 (6th Cir. Mar. 25, 2011) ("Congress provides this court with exclusive jurisdiction to review a final order of removal."); *Krninova v. Holder*, No. 2:09-cv-577, 2010 WL 1253972, at *1 (S.D. Ohio Mar. 23, 2010) ("jurisdiction to consider any order of removal is vested exclusively in the appropriate court of appeals"). The Sixth Circuit Court of Appeals is also the proper avenue for petitioner to seek relief on his ineffective assistance of counsel claims. *See Sswajje v. Ashcroft*, 350 F.3d 528, 533 (6th Cir. 2003) ("The proper avenue for raising ineffective assistance of counsel is by filing

---

[5] Section 1252(b)(9) further states "Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section."

a motion to reopen proceedings with the BIA.").[6] Because this Court does not have jurisdiction over challenges to the rulings of the immigration courts, petitioner is not entitled to federal habeas relief based on these claims.

Finally, as to petitioner's remaining request for an order releasing him from ICE custody, petitioner's April 23, 2019 removal renders this action moot and deprives the Court of jurisdiction. Article III, § 2 of the United States Constitution limits the federal judicial power to the adjudication of cases and controversies. In the context of a habeas corpus petition, a district court generally lacks jurisdiction over the petition if the petitioner is not in government custody. Therefore, except in limited circumstances not applicable to the case-at-hand,[7] a petitioner's release from custody generally moots a habeas petition. *See Lane v. Williams*, 455 U.S. 624, 631–32 (1982). *See also Novikova v. Prendes*, Case No. 3:06-cv-0039, 2006 WL 1424255, at *2 (N.D. Texas May 24, 2006) (finding that the removal of a petitioner challenging her detention pending removal deprived the district court of jurisdiction to consider the habeas petition). Because petitioner was removed to Nigeria on April 23, 2019 and is no longer in ICE custody, his challenge to his detention pending removal and request for the Court to release him from ICE custody are moot.

---

[6] As indicated above, petitioner filed a motion to reopen, which was denied by the BIA. Petitioner has appealed the decision to the Sixth Circuit, which remains pending in Case No. 19-3367.

[7] Petitioner has not established nor is the undersigned aware of any basis to find that petitioner will suffer future collateral consequences as a result of his detention or that the case is "capable of repetition, yet evading review." *See Spencer v. Kemna*, 523 U.S. 1, 7–8, 17–18 (1998). Petitioner cites several cases for the proposition that a bar on readmission of a removed alien is a collateral consequence that preserves a live controversy even after a petitioner is deported. (*See* Doc. 14 at PageID 133). However, these cases involved challenges to final orders of removal and do not alter the undersigned's opinion that petitioner's challenge to his physical custody is rendered moot by his removal to Nigeria. Furthermore, these cases all predated the enactment of 8 U.S.C. § 1252(a)(5), which provides that a petition for review filed in the court of appeals is the exclusive means for judicial review of an order of removal. *See, e.g., Meleance v. Bd. of Immigration Appeals*, 363 F. App'x 765, 766 (2nd Cir. 2010) ("The REAL ID Act of 2005, enacted May 11, 2005, amended federal law to provide that '[n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code . . . a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]'") (quoting 8 U.S.C. § 1252(a)(5)).

Accordingly, in sum, having found that petitioner is not entitled to federal habeas corpus relief based on the claims presented in the petition, as amended, the undersigned **RECOMMENDS** that the petition for habeas corpus be **DENIED**. Petitioner's "Motion Against Immigration Court and 'BIA' Corrupt and Unlawful Practices" (Doc. 15) should also be **DENIED.**

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and "Motion Against Immigration Court and 'BIA' Corrupt and Unlawful Practices" (Doc. 15) be **DENIED.**

2. A certificate of appealability should not issue because petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel,* 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 1/6/20

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

MUSA IKHARO,
Petitioner,

vs.

ATTORNEY GENERAL OF
THE UNITED STATES,
Respondent.

Case No. 1:19-cv-175

Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).